UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN LESTER MUNN, #165122,

                Petitioner,

                                       CASE NO. 2:10-CV-11920

v.                                 HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**    **Introduction**

Michigan prisoner Norman Lester Munn ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to two counts of unlawful imprisonment, MICH. COMP. LAWS § 750.349b, and two counts of assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, and acknowledged being a third habitual offender, MICH. COMP. LAWS § 769.11, in the Mecosta County Circuit Court in 2007. He was ultimately sentenced to concurrent terms of 160 months to 30 years imprisonment and 43 months to 8 years imprisonment on those convictions.

In his pleadings, Petitioner challenges the scoring of the sentencing guidelines, the accuracy of the sentencing information, the validity of the sentencing procedures, and the effectiveness of defense counsel. Having reviewed the matter, the Court concludes that the petition lacks merit and must be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

II.    **Facts and Procedural History**

On November 13, 2007, Petitioner pleaded guilty to two counts of unlawful imprisonment and two counts of assault with a dangerous weapon and acknowledged that he was a third habitual offender in exchange for the dismissal of kidnaping and criminal sexual conduct charges and a fourth habitual offender notice.  Petitioner's convictions arise from an incident that occurred on Petitioner's property in Deerfield Township, Mecosta County, Michigan on August 4, 2007.  It appears that Petitioner threatened two boys with a bow and arrow, required them to perform physical exercises, assaulted them, threatened to kill them, held a knife to one boy's testicles, and possibly committed a criminal sexual act against one boy in order to punish them for stealing money from a third party.

On December 26, 2007, the trial court sentenced Petitioner as a third habitual offender to concurrent terms of 150 months to 30 years imprisonment on the unlawful imprisonment convictions and 43 months to 8 years imprisonment on the assault convictions.

In June of 2008, Petitioner filed motions for re-sentencing and evidentiary hearing in the trial court asserting that his guidelines were incorrectly scored causing an upward departure, the trial court relied upon inaccurate information and conduct for which charges were dismissed, the trial court did not follow correct sentencing procedures, he was not given proper sentencing credit, defense counsel was ineffective, and challenging costs and fines.  The trial court granted an evidentiary hearing on the scoring and ineffective assistance of counsel claims, adjusted Petitioner's jail credit, and denied relief on the other claims.

The evidentiary hearing was conducted on October 9, 2008.  Following that hearing, the trial court determined that one challenged offense variable was correctly scored but another challenged

offense variable should have been scored higher than originally scored, and requested an updated pre-sentence report. On December 8, 2008, the trial court re-sentenced Petitioner as a third habitual offender to 160 months to 20 years imprisonment on the unlawful imprisonment convictions and 43 months to 8 years imprisonment on the assault convictions.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his guidelines were incorrectly scored, the trial court relied upon inaccurate information at sentencing and re-sentencing and relied upon conduct for dismissed charges which was not proven beyond a reasonable doubt, vindictiveness at re-sentencing, the trial court did not follow correct sentencing procedures, he was not give proper sentencing credit, defense counsel was ineffective, and challenging costs and fines. The court denied leave to appeal for lack of merit in the grounds presented. *People v. Munn*, No. 289620 (Mich. Ct. App. Feb. 19, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Munn*, 483 Mich. 1132, 767 N.W.2d 446 (2009).

Petitioner thereafter filed the instant habeas petition asserting that: (1) the guidelines were incorrectly scored, (2) the sentencing court relied upon inaccurate information contained in the pre-sentence reports, (3) the trial court did not follow correct sentencing procedures, and (4) defense counsel was ineffective for failing to object to the foregoing errors. Respondent has filed an answer to the petition contending that it should be denied because the claims are not cognizable on habeas review and/or lack merit. Petitioner has filed a reply to that answer.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the

3

AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA imposes

the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in the
>        State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is 'contrary to' clearly established law if it "'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that

are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at

a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per

curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S.

685, 694 (2002).  The 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas

court to "'grant the writ if the state court identifies the correct governing legal principle from [the

Supreme] Court but unreasonably applies that principle to the facts of a petitioner's case."  *Wiggins*

*v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at

694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court]

precedent 'unreasonable,' the state court's decision must have been more than incorrect or

erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539

U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*

*v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the state trial court found Petitioner's claims to be without merit, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order.  For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV.    Discussion

---

[1]The Court would reach the same result under a *de novo* standard of review.

6

A.    <u>Sentencing Guidelines Claim</u>

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in scoring several sentencing variables under the state sentencing guidelines.  Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

As an initial matter, the Court notes that Petitioner's sentences are within the statutory maximums.  *See* MICH. COMP. LAWS §§ 750.349b, 750.82, 769.11.  A sentence within the statutory limit is generally not subject to federal habeas review.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner makes no such showing.

Petitioner cannot prevail on his claim that the trial court erred in scoring the disputed sentencing variables.  Such a claim is not cognizable on federal habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).  Any error in scoring the offense variables and determining the guideline range does not merit habeas relief.  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Lewis v. Jeffers*, 497 U.S.

7

764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Furthermore, even if Petitioner's sentencing guideline claim were cognizable, he would not be entitled to relief from this Court.  Petitioner has failed to establish that the state trial court erred in scoring his sentencing guidelines.  As explained by the state trial court during the sentencing and re-sentencing proceedings, there was sufficient evidence in the record to support the scoring of the disputed sentencing variables.

Petitioner is also not entitled to habeas relief on any claim that the trial court improperly relied upon facts neither admitted by him nor proven beyond a reasonable doubt.  The United States Supreme Court cases relevant to this issue, such as *Blakely v. Washington*, 542 U.S. 296 (2004), do not apply to Michigan's intermediate sentencing scheme.  The United States Court of Appeals for the Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute.  *See Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009); *see also People v. Drohan*, 475 Mich. 140, 160–61, 715 N.W.2d 778 (Mich. 2006).  This Court is bound by the Sixth Circuit's decisions.  Because Petitioner's sentences are within the statutory maximum penalties, which were not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred.  Habeas relief is not warranted on this claim.

B.    Inaccurate Information Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court relied upon inaccurate information contained in the pre-sentence reports in imposing his sentence.  Respondent contends that this claim lacks merit.

8

A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. The state trial court considered the crime, the pre-sentence reports, and other permissible factors at sentencing and re-sentencing. Petitioner had an opportunity to contest the accuracy of the reports and the scoring of the guidelines at sentencing and re-sentencing, and during the evidentiary hearing. *See* Sent. Tr. pp. 3-4, 8-9, 11; Re-Sent. Tr., pp. 4-6, 15-18; Evid. Hrg. Tr. Petitioner has not shown that the trial court relied upon materially false or inaccurate information, which he had no opportunity to correct, in imposing his sentence. Habeas relief is not warranted.

Petitioner is also not entitled to habeas relief on his claim that the trial court improperly relied upon uncharged conduct or conduct underlying the charges which were dismissed as part of his plea agreement. It is well-established, however, that a sentencing court, in determining a defendant's relevant conduct for sentencing purposes, may consider both acquitted and uncharged conduct which is similar to the conduct underlying the offenses of conviction and is established by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997) ("a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal

9

behavior, even if no conviction resulted from that behavior"); *see also United States v. White*, 551 F.3d 380, 385 (6th Cir. 2007) ("So long as the defendant receives a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range."); *United States v. Maken*, 510 F.3d 654, 658 (6th Cir. 2007) ("Relevant conduct is not limited to conduct for which the defendant has been convicted."). The state trial court appropriately considered Petitioner's conduct, established by a preponderance of the evidence, in imposing a sentence within the range prescribed by the legislature for the crimes of conviction. Habeas relief is not warranted on this claim.

C.   Sentencing Procedure Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to follow correct sentencing procedures under Michigan law. In particular, he claims that the court erred by failing to ask him personally about the sentencing reports. Respondent contends that this claim is not cognizable upon habeas review.

To the extent that Petitioner alleges a violation of state procedural law, he is not entitled to relief from this Court. It is well-settled that errors of state law are not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67–68; *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *See Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988); *accord Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("federal courts can not review a state's alleged failure to adhere to its own sentencing procedures").

Moreover, Petitioner's claim is belied by the record. The sentencing transcripts show that the trial court asked Petitioner if he had anything he wished the court to consider (in addition to

10

defense counsel's comments) before imposing sentence.  *See* Sent. Tr., p, 12, Re-Sent. Tr., p. 18. Thus, defense counsel and Petitioner both had the opportunity to challenge the accuracy of the sentencing reports and address other matters at sentencing.  Petitioner has failed to establish that the trial court erred or violated his constitutional rights.  Habeas relief is not warranted on this claim.

      D.     <u>Ineffective Assistance of Counsel Claim</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to raise the foregoing issues at sentencing and/or re-sentencing.  Respondent contends that this claim lacks merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  466 U.S. at 687.  Second, the petitioner must establish that the deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is one that is sufficient to

undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing *Strickland*, 466 U.S. at 686).

The Supreme Court has recently confirmed that a federal court's consideration of an ineffective assistance of counsel claim arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.* at 788.

Petitioner has not established that defense counsel was deficient and/or that he was prejudiced by counsel's conduct under *Strickland*. First, the record demonstrates that defense counsel reviewed the relevant reports, conferred with Petitioner throughout the sentencing process, made several successful challenges during the proceedings, and raised several substantive, albeit unsuccessful, objections at sentencing. Second, counsel may have reasonably determined that raising additional sentencing issues would be futile because there was some evidence in the record to support the scoring of the disputed variables and the validity of the information relied upon at sentencing. Lastly, to the extent that Petitioner's sentencing claims lack merit, any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1316. Considering the record as a whole and defense counsel's conduct during the plea and sentencing process, the Court finds that Petitioner has failed

12

to show that counsel's performance was constitutionally deficient.

Moreover, even if counsel erred, Petitioner cannot demonstrate that he was prejudiced by counsel's conduct given that the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal. Petitioner has offered no evidence indicating that the state trial judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts would have reversed his sentence. He has failed to establish that he was prejudiced by counsel's conduct. *See Spencer v. Booker*, 254 F. App'x 520, 525–26 (6th Cir. 2007); *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004) (stating that if "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice). Petitioner has not shown that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

13

(2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim.  *Id*. at 336-37.  Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right.  A certificate of appealability is not warranted.  The Court also concludes that Petitioner is not entitled to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

s/Denise Page Hood                                      
Denise Page Hood
United States District Judge

Dated:  January 27, 2012

I hereby certify that a copy of the foregoing document was served upon Norman Munn, 165122, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 and counsel of record on January 27, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry                             
Case Manager

14